UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ME2 PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID LUPASTEAN, *et al.*, <br><br> Defendants. | Case No.  C16-1882RSL <br><br> ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on plaintiff's motion for an extension of time in which to serve the complaint. Dkt. # 13. A party generally has 90 days after a complaint is filed in which to serve the defendant. Fed. R. Civ. P. 4(m). It can be challenging to meet this deadline in BitTorrent cases where plaintiff must first conduct discovery from the ISP before it can identify and serve the defendant. It can be done, however, and the Court expects a good faith effort to comply with the service deadline. Where the motion for leave to conduct expedited discovery is filed and granted in a timely manner and the ISP responds promptly, plaintiff has some time – a few days or weeks depending on the production date – in which to pursue an amicable resolution of the case before utilizing the waiver of service procedure set forth in Fed. R. Civ. P. 4(d). If plaintiff opts to spend additional time negotiating with persons who have not yet been brought into the suit, it would still have time to engage a process server and accomplish service in a timely manner. In these scenarios, an extension of time should be necessary

ORDER GRANTING IN PART MOTION
FOR EXTENSION OF TIME - 1

only if a defendant failed to waive or was dodging service.

Here, plaintiff obtained the necessary contact information more than five weeks before the March 8, 2017, service deadline. It opted to send two letters to the subscribers and delayed mailing the waivers until it was too late to obtain responses within the allotted time frame. It now seeks a sixty day extension of time so that it can receive waivers and, if one or more defendants refuse to waive, can hire a process server.

Although good cause has not been shown and the Court expects plaintiff to further modify its procedures as set forth above, plaintiff has at least attempted service prior to the deadline and has timely moved for an extension. In these circumstances, the Court finds that dismissal of this action would be unnecessarily punitive. Nevertheless, a prophylactic sixty day extension of the service deadline – to deal with the possibilities that one or more defendants may refuse to waive and/or that personal service may prove difficult – is not warranted. Plaintiff shall have an additional month, until April 8, 2017, to file proofs of waiver as to all defendants or a second motion for extension of time detailing the efforts made toward effecting personal service.

Dated this 22nd day of February, 2017.

*MWS Lasnik*

Robert S. Lasnik
United States District Judge